**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

EDWARD ROOD,

     Plaintiff,

                                       CASE NO.: 2:20-cv-     -FtM-

v.

TOWN OF FT. MYERS BEACH, FLORIDA,
a Florida municipality,

     Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Edward Rood, by and through his undersigned counsel, and to remedy the violation of his rights pursuant to federal law, specifically Title II of the Americans with Disabilities Act (ADA) preventing discrimination against the disabled, hereby sues the defendant, the Town of Ft. Myers Beach, Florida.

## INTRODUCTION

1.     This is an action brought by a United States citizen, Edward Rood, who was the victim of disability discrimination by a local government.

2.     Mr. Rood alleges that defendant Town of Ft. Myers Beach violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*., and its implementing regulations, found at 28 C.F.R. § 35.101, *et seq*. He seeks declaratory and compensatory relief, and attorneys' fees and costs on this federal civil rights claim.

3.     This action arises under the laws of the United States. This court has jurisdiction over Mr. Rood's federal claim pursuant to 28 U.S.C. § 1331.

4.     All incidents material to this action occurred in Lee County, Florida. Venue is

appropriate in this Court pursuant to Local Rule 1.02(b)(5).

## PARTIES

5.      Plaintiff Edward Rood is an adult United States citizen and is a resident of the State of Florida, Lee County, Florida, and the Town of Ft. Myers Beach.

6.      Defendant Town of Ft. Myers Beach, Florida (hereinafter, the "Town") is a political subdivision of Lee County, Florida and the State of Florida.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

7.      There are no administrative preconditions applicable to this federal civil rights claim.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      Mr. Rood is the owner of a residential home that borders the Gulf of Mexico. His home is located within the municipal borders of defendant Town of Ft. Myers Beach. Rood has been a property owner within the Town for 9 years, and has owned the same home for the same period of time.

9.      Mr. Rood is disabled within the meaning of the Americans with Disabilities Act (ADA). He is capable of ambulating with assistive devices necessary at times.

10.     Mr. Rood reasonably enjoys the right to access the public lands, namely the Gulf of Mexico and its beachfront, adjoining his residence.

11.      For the sole purpose of ensuring his access to public lands, namely to the beach adjoining his private property, Mr. Rood undertook a substantial and longstanding legal campaign to obtain all necessary permits to construct a modest, low-profile "walkover" suitable for wheelchairs. The proposed wooden "walkover" would be suspended over a low-lying area containing standing water and otherwise muddy, uneven  terrain.

2

12. The "walkover" is a necessary and reasonable accommodation of Mr. Rood's disability, and would be necessary for his access to public lands directly adjoining his private property.

13.  At the request of various governmental permitting authorities, Rood sustained the time and expense of modifying the proposed design to comply with all requests by these public agencies.

14.   The primary concern of these Florida state agencies was the potential impact of the proposed "walkover" on several environmental values, including the continued flourishing of mangroves in the public conservation area and the use of this mangrove habitat by shore birds.

15. At the request of these agencies, Mr. Rood voluntarily agreed to a host of modifications of the proposed design of the "walkover" to accommodate these environmental concerns.

16. Mr. Rood, however, litigated multiple lawsuits filed by the Town to stop the State of Florida from granting the necessary permits to construct the "walkover."

17. A Florida administrative law judge found in Mr. Rood's favor in all regards, and issued the necessary Florida state permits. The opposing parties did not appeal from the administrative law judge's ruling

18. A final requirement before Mr. Rood could obtain approval to construct the "walkover" was approval by the defendant Town.

19. By a 7-0 vote, the Local Planning Agency appointed by the Town unanimously recommended to the Town Council that it approve Mr. Rood's proposed "walkover."

20. The Town Council, however, inexplicably denied final approval. The vote of the five-member Council was 3-2. By the same 3-2 margin, the Council denied Mr. Rood's request for reconsideration.

21. No non-discriminatory motivation existed for the Town's refusal to grant Mr. Rood

final approval to allow the construction necessary to accommodate his disability.

22. In denying Mr. Rood the necessary approval, the Town of Ft. Myers Beach, Florida violated Title II of the Americans with Disabilities Act.

23. As a result of defendant's acts and omissions, Ed Rood suffered humiliation, embarrassment, inconvenience, restraint on his liberty, harm to his reputation, pain and suffering, emotional distress, and other damages. Plaintiff also sustained out-of-pocket expenditures.

## COUNT I

(42 U.S.C. § 12131, *et seq*., Claim of Disability Discrimination)

Plaintiff sues defendant Town of Ft. Myers Beach, Florida, in his individual capacity, and states:

24. All allegations of paragraphs 1 through 23 are re-alleged in full and adopted herein.

25. Defendant Town unlawfully discriminated against Mr. Rood on the basis of his disability by denying final approval of a construction that was necessary as a reasonable accommodation of his disability.

26. As a result of defendant's unlawful discrimination, plaintiff suffered the losses described in ¶ 23.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Edward Rood prays that this Court will enter relief in the following terms:

1. A judgment for compensatory relief on Counts I;

2. An award of costs and attorney's fees on Count I, pursuant to 42 U.S.C. § 12131;

as provided by the Rehabilitation Act, 29 U.S.C. § 794a, and Title IX;

3.  An award of standard costs on Counts I; and

4.  Such other relief as the Court deems just and proper.

Finally, plaintiff requests a trial by jury.

Respectfully submitted this 16th day of December, 2020,

FARMER AND FITZGERALD, P.A.

*/s/ Matthew Farmer*
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
400 N. Tampa St., Suite 2840
Tampa, Florida 33602
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

*Trial Counsel for Plaintiff*